Norman Jim Parker v. Commissioner.
Parker v. Commissioner
Docket No. 2471-69 SC.
United States Tax Court
T.C. Memo 1971-217; 1971 Tax Ct. Memo LEXIS 116; 30 T.C.M. (CCH) 890; T.C.M. (RIA) 71217; August 26, 1971, Filed. Norman Jim Parker, pro se, 1723 N. Memorial Ave., Philadelphia, Pa. Mary Ann Hagan, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: Respondent determined a deficiency of $199.98 in petitioner's Federal income tax for the year 1967. The issues remaining for decision are (1) whether petitioner is entitled *117 to a deduction for gasoline taxes in an amount greater than the amount of $75 allowed by the respondent; and (2) whether petitioner is entitled to deduction for sales taxes in an amount greater than $52 allowed by the respondent under section 164 of the Internal Revenue Code; [1] (3) whether petitioner is entitled to deductions for certain expenses for repairs of premises at 1723 North Memorial Avenue in Philadelphia; and (4) whether petitioner is entitled to certain business expense deductions under section 162; and (5) whether petitioner is entitled to certain casualty loss deductions under section 165. Findings of Fact The petitioner, Norman Jim Parker, resided in Philadelphia, Pa. when he filed his petition. In 1967, petitioner had three different employers. From the beginning of the year until about August, he worked for the Liquor Control Board of the Commonwealth of Pennsylvania as a clerk selling liquors and wines. Then for about two weeks he was employed by the Central Penn National Bank operating a coin machine packaging coins. In October, he was employed by *118 the School District of Philadelphia, Board of Education as a non-teaching assistant. Petitioner's duties in his employment with the school district consisted of performing a wide variety of routine clerical, fiscal and other related duties when not involved in controlling and supervising students; rendering assistance to instructional staff in the more involved disciplinary cases and in a variety of investigations affecting the schools; and, regulating and directing the activities of students outside and within a school building and adjacent, areas primarily during the time they are not engaged in classroom activities. The total income reported by the petitioner on his income tax return for 1967 was $4,191.07 representing wage or salary payments. On his Federal income tax return for that year he claimed the following deductions for taxes: Taxes
Real Estate
$ 268.50
State and Local Gasoline
800.00
General Sales
400.00
State and Local Income
0
Personal Property 185.00
Total Taxes
$1,653.50
Respondent disallowed $1,250.72 of the claimed deductions for taxes for lack of substantiation. Respondent allowed, in his deficiency notice, as a deduction for *119 taxes for 1967 the amount of $402.78 computed as follows: Real Estate
$268.50
Gasoline
75.00
General Sales
52.00
City Wage Tax 7.28
Total Allowed
$402.78
Respondent concedes after trial, that petitioner is entitled to deduct for city wage taxes an additional amount of $76.54 so that the total allowable deduction for city wage taxes of petitioner in 1967 is in the amount of $83.82. Respondent further concedes after trial that petitioner is entitled to a deduction of $3.72 for union dues paid in 1967. 891 The petitioner paid to the Mellinger Company the sum of $69.50 in 1967. Petitioner received from the Mellinger Company a certificate entitled "World Trade Certificate" certifying that petitioner is a member of International Traders, a World Wide organization dedicated to the expansion of World Trade. The certificate was issued on May 16, 1967. He also received from the International Traders organization a catalogue of items for sale which it would supply and sample items for display to prospective customers. The sample items consisted of a beer mug, change purse, watches, jewelry, perfume and an electric shaver. Petitioner, in his spare time, undertook *120 the sale of items available to him through International Traders. He made house to house visits and also visited small business establishments in attempts to sell his products. He never sold any of his products in 1967. In connection with his sales activity he converted a basement room in his house to an office. He spent $10.98 on paint, paint brush and tape in fixing up his office. He bought a desk for $5, he incurred other expenses for stationery and office equipment of about $19. He used his car, a 1960 Dodge Dart, in his business but could not substantiate the mileage incurred for that purpose. The total mileage driven by petitioner in 1967 for both business and pleasure did not exceed 15,000 miles. Petitioner incurred automobile repair expenses in 1967 as follows: Repair brakes
$21.00
Replace transmission
75.00
Replace tires
22.00
Replace radiator
30.00
Petitioner paid a premium for automobile liability insurance in the amount of $75 in 1967. He also paid $10 automobile registration fee. Petitioner suffered casualty losses in 1967 not compensated for by insurance or otherwise for separate casualties as follows: 1. Dent in 1960 Dodge Dart
$100.00
2. Dent in 1960 Dodge Dart
45.00
3. Broken windows (4)
20.00
4. Bathroom leak
6.00
5. Vandalism - grease on walls
6.00
6. Broken windshield on 1960 Dodge Dart
120.00
*121 Petitioner purchased a building consisting of three apartments, in one of which he resided with his mother at 1723 North Memorial Avenue, Philadelphia in 1959. During the year 1967, the two apartments were not rented because of violations of the building code of Philadelphia. Petitioner had received 6 to 8 violation notices. One such notice required repair of ceiling light fixtures and of one bath, recharge of soda fire extinguisher, removal of old electrical alarms, concealment of wires and repair of outside steps. Petitioner paid a fee of $9 to obtain a license as an apartment owner. Prior to 1967 petitioner had rented the apartments. They could not be rented in 1967 because of the existence of violations. Petitioner made certain repairs to the premises at 1723 North Memorial Avenue. He replaced the wooden porch and steps in front of the house with a concrete porch and steps. He replaced two segments of cement pavement. He paid $8 for a building permit to make such repairs. Petitioner paid $180 for replacement of the front porch and $150 for replacement of the back steps and two segments of pavement. Petitioner paid a premium of $200 for fire insurance on the premises at 1723 *122 North Memorial Avenue. Opinion The issues in this case raised by the statutory notice of deficiency are whether petitioner is entitled to any deduction for personal property taxes and to any deductions for gasoline taxes, city income and sales taxes in excess of the amounts allowed in the statutory notice. Petitioner raised new issues at trial whether he was entitled to deductions for certain expenses in connection with real property at 1723 North Memorial Avenue, Philadelphia, whether he was entitled to certain casualty losses, whether he was entitled to certain automobile repair expenses, and, whether he was entitled to certain claimed business expenses, including maintenance of an office at home. Taking up first, the issues raised by the statutory notice, the petitioner concedes that he is not entitled to a deduction for personal property taxes. He testified that the amount claimed represented certain expenditures connected with the real property at 1723 North Memorial Avenue that were erroneously claimed as personal property taxes. Petitioner claimed in his return a deduction of $800 for gasoline taxes. Respondent points out that at the rate of 7 cents a gallon and 14 miles *123 to the gallon petitioner would have had to travel about 163,000 miles in the taxable year. Petitioner 892 testified that the total mileage in the taxable year shown by his speedometer readings was 15,000 miles. The amount of $75 for gasoline taxes allowed petitioner in the deficiency notice represents a mileage driven of from 15,000 to 16,000 miles. It would appear that the petitioner was treated generously by the respondent in this respect because his testimony as to the total mileage driven was very weak. Accordingly, we hold respondent did not err with respect to the disallowance of amounts claimed for gasoline taxes in 1967 in excess of $75. However, petitioner explains, as with the personal property tax, that the amount claimed did not represent tax but a deduction for mileage allowance claimed at the rate of 10 cents a mile for 8,000 miles of business travel by automobile. The record fails to reveal any such deduction. There are no facts upon which any allocation can be made between personal and business use of petitioner's automobile. Petitioner claimed in his return a deduction of $400 for general sales taxes in 1967. The Pennsylvania sales tax rate for 1967 was 5%. Consequently, *124 petitioner would have had to purchase articles or services subject to sales tax equal to twenty times $400 or $8,000. Since petitioner's reported gross income in 1967 was $4,191.07 it is difficult to perceive how he could have expended almost twice his gross income in taxable purchases. Respondent has allowed petitioner a deduction of $52 out of the $400 claimed to have been paid for sales taxes. Petitioner has not proved a greater amount. Accordingly, we hold respondent did not err with respect to the disallowance of claimed sales taxes in excess of $52. Petitioner in his Federal income tax return for 1967 through inadvertence did not claim a deduction for Philadelphia city wage taxes. At the time his return was audited, he made claim for such deduction. However, he could only substantiate $7.28 of such claim. Respondent attempted to verify his claim through the city tax authorities without success. Consequently, only the amount substantiated, $7.28 was allowed in the statutory notice of deficiency. At trial petitioner produced documentation substantiating an additional amount of $76.54. Accordingly, we hold that petitioner is entitled to a deduction in the total amount of $83.82 *125 for Philadelphia city wage taxes paid in 1967. Petitioner testified that he was in the business of operating real property for rental purposes at 1723 North Memorial Avenue. These premises were occupied by a three story brick dwelling containing three apartments and a basement. The first floor apartment had five rooms and bath; the second floor apartment had three rooms and bath and the third floor apartment had four rooms and bath. A room in the basement was fitted out and used as an office by the petitioner. Petitioner paid expenses in 1967 for repairs to the front porch and steps, two segments of walk and rear steps in the total amount of $330 and to paint walls caused by water and grease damage $12. He also paid $8 for a building permit to replace the wooden porch and steps with a cement porch and steps. In 1967 he paid $200 for fire insurance on the property. He paid a fee of $9 in connection with his application for license as an apartment owner. Petitioner was unable to obtain a license from the City of Philadelphia to rent the apartments on the second and third floors because of the existence of building code violations. Among the requirements of the City as a prerequisite *126 for renting the apartments was that a new fire alarm system be installed. This requirement was not met in 1967 nor even at the date of trial because of lack of money and other problems. Petitioner failed to prove the property was listed for rent in 1967. Accordingly, we hold petitioner was not in a trade of business of operating real property for rent in the taxable year. Consequently, he is not entitled to any deductions for the repairs, license fee, insurance premium or building permits in computing his Federal income tax for 1967. About May 1967, petitioner obtained from an organization known as International Traders a certificate, which he referred to as a franchise, at a cost of $69.50. For this payment, he was entitled to purchase from International Traders certain items such as beer mugs, change purses, watches, jewelry, perfumes, electric shavers, etc. which he could sell at a profit. Petitioner as part of his efforts to sell such products fixed up an office in his basement in 1967 at a cost to him of $30 for painting, stationery and office supplies. He also engaged in extensive house to house and small retail store selling efforts. He used his 1960 Dodge Dart automobile *127 to go to different sections of the city to conduct his canvassing. He testified he kept records of this business showing the areas visited but did not 893 produce them in Court. Petitioner made no sales of any items available to him for that purpose from International Traders in 1967. He testified he incurred certain expenses for repairs to his automobile in 1967 such as installation of two transmissions at a cost of $75, repair of brakes at $21 and replacement of a radiator at the cost of $30. He also paid $75 for automobile insurance and $10 for a license tag. He testified that he purchased tires at a cost of approximately $22. It is not clear from the record whether that was the cost of one tire but in any event, he did not testify to the number purchased. We hold that petitioner was in a trade or business with respect to his activities in his efforts to sell products available to him from the International Traders organization despite the fact that he made no sales in his first eight months of operations. We hold that he is entitled to deduct as business expenses the amounts of $69.50 paid to International Traders and the amount of $30 expended in fixing up his office at *128 home. The record does not permit the allocation of any other expenses in that connection. He is not entitled to any deduction for automobile expenses because he has not established the ratio between his business and personal use of his automobile. He testified that he used his automobile for non-business purposes and he did not know how much it was used for that purpose. Petitioner claimed at trial that he was entitled to certain loss deductions. He claimed a loss of $37.50 representing one half of an automobile liability insurance premium paid the Palmyra Insurance Company which became bankrupt. The record shows the Company went bankrupt prior to the taxable year and it has not been established that the petitioner suffered any loss in the taxable year as a result of the bankruptcy. Therefore, he is not entitled to the deduction of the cost of half the insurance premium. Petitioner testified that he suffered casualty losses in 1967 as follows: (1) A body dent incurred in an accident on the highway which cost $100 to repair; (2) a body dent incurred in a parking lot accident which cost $45 to repair; (3) four windows in his residence broken as a result of vandalism which cost $20 *129 to replace; (4) a bathroom leak which cost $6 to repair; (5) damages from vandalism - grease thrown on walls which cost $6 to repair; and (6) a broken windshield caused by vandalism the replacement of which cost $120. We hold that none of these losses were connected with any trade or business in which petitioner was engaged in 1967. Section 165(c)(3) [2] limits deductions for casualty losses not connected with a trade or business to the amount of the loss in excess of $100. Therefore, without regard to whether petitioner has substantiated the losses, he is not entitled to any deduction under section 165 where the loss did not exceed $100. Consequently, we hold that petitioner did not suffer any deductible loss for (1) the body dent incurred in the parking lot accident, (2) the body dent incurred in the highway accident, (3) the four windows broken as a result of vandalism, (4) the bathroom leak, and (5) the grease thrown on walls. *130 This leaves for consideration the question of whether the petitioner suffered a loss of $120 from the breaking of his car's windshield by vandals. Petitioner was uncertain when the damage occurred; he thought it occurred in the summer months. He was also unsure of exactly who replaced the windshield. He thought it was a place on 52nd and Girard but he did not know the name of the repair shop. The petitioner testified he thought he had a receipted bill for the replacement of the windshield at home. At the close of the first day of trial, the Court, in recessing the case to the following day advised petitioner to bring all his records and receipts. At the opening of Court the next day petitioner informed the Court that he did not feel it necessary to bring any documents at home to the Court in support of his claims. We hold that petitioner failed to substantiate the payment of $120 for replacement of the windshield of his automobile and so is not entitled to a deduction of any amount for that claimed casualty loss. Petitioner also claimed to have incurred deductible expenditures in connection with 894 utilities, i.e., electric and telephone. He failed to prove the amounts paid *131 for these utilities during the taxable year. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All Code section references are to theinternal Revenue Code of 1954, as amended.↩
2. Sec. 165 Losses * * * (c) Limitations on Losses of Individuals * * * (3) * * * A loss described in this paragraph shall be allowed only to the extent that the amount of the loss to such individual arising from each casualty * * * exceeds $100. * * * (Emphasis Supplied)↩